

**SIGNED this 25 day of April, 2005.**

_____
**FRANK R. MONROE**
**UNITED STATES BANKRUPTCY JUDGE**

---

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE:                                    )
                                          )
APOLLO SOFTWARE, INC.                     )  CASE NO. 02-12093-FM
                         DEBTOR           )  (Chapter 7)
                                          )
_____          )
M. L. "SKIP" FULKERSON                    )
                         PLAINTIFF        )
VS.                                       )  ADVERSARY NO. 04-1299-FM
                                          )
FIRST CAPITAL GROUP OF                    )
TEXAS II, L.P.                            )
                         DEFENDANT        )

<u>MEMORANDUM OPINION</u>

Plaintiff Fulkerson filed this adversary proceeding against Defendant First Capital Group of Texas II, L.P. seeking a determination as to whether Defendant's lien against certain property of the estate is properly perfected. Defendant moved to dismiss the adversary proceeding under Federal Rule of Civil Procedure 12(b)(6). With the agreement of the parties, the Court treated the same as a Motion for Summary Judgment under Rule 56 although it was uncertain if such was required. The Court held a

1

hearing on the Motion on March 23, 2005 and took the matter under advisement requesting further briefing by the parties.

This is a core proceeding under 28 U.S.C. §157(b)(2)(K). It is a matter over which this Court has jurisdiction to enter a final order pursuant to 28 U.S.C. §1334(a)(b) and (d), 28 U.S.C. §157(a) and (b)(1), 28 U.S.C. §151, and the Standing Order of Reference from the United States District Court in the Western District of Texas of all bankruptcy matters to the bankruptcy court.

FACTS

Defendant loaned the Debtor money before it filed bankruptcy and took a security interest in all of the Debtor's assets except those subject to the lien of Wells Fargo Bank. Specifically included in the assets in which the Defendant took a security interest were the Debtor's copyrighted and copyrightable software and other intellectual property (the "Copyright Collateral").

Defendant's security interest specifically acknowledges the priority of Wells Fargo Bank's security interest in the Debtor's "accounts", which is defined not only to include accounts receivable but all of the Debtor's general intangibles as well. Wells Fargo Bank's security interest is properly perfected under state law. Plaintiff has since purchased Well Fargo Bank's secured claim and stands in their shoes.

Defendant filed a UCC-1 with the Office of the Secretary of State on June 21, 2000 attempting to perfect its security interest in all of the Debtor's remaining assets, including the Copyright Collateral. No other action was taken by the Defendant to perfect

2

its security interest.  Specifically, Defendant never filed any document with the United States Copyright Office in an attempt to perfect its lien at that venue.

All of the assets of the Debtor were sold while the Debtor was in Chapter 11 for a total sales price of $2 million, $1.95 million of which was represented by a promissory note.

Under the sale, $1,454,728.00 of the purchase price was allocated to the Copyright Collateral.

The Chapter 7 Trustee has been made an involuntary plaintiff to the adversary proceeding as of April 4, 2005.  Plaintiff alleges that the Trustee's status under 11 U.S.C. §544 as the ideal hypothetical judicial lien creditor avoids the Defendant's security interest in the Copyright Collateral since Defendant failed to properly perfect its lien by filing appropriate documentation with the United States Copyright Office.

The Copyright Collateral was at all material times unregistered.

<u>Issues</u>

1) Simply stated, what is the proper method of perfection of a security interest in the unregistered Copyright Collateral?

2) Does the Plaintiff have standing?
3) Is the cause of action barred by limitations under 11 U.S.C. §546(a)(1)?

<u>Legal Analysis</u>

The Court concludes that it need not opine on what appears to be such an unsettled area of copyright/mortgage law since it has ruled in favor of the Movant on the other grounds put forth by

3

Movant.

## Other Alleged Basis for Dismissal

Fortunately, the Court rarely sees a situation such as the current one in which the parties' attorneys apparently believe that he who files the most pleadings wins.

The initial Motion to Dismiss ("Motion") was filed by the Defendant on December 22, 2004.

Plaintiff filed its Brief/Memorandum in Opposition to such Motion on January 18, 2005, one day prior to the hearing set on the Motion.

Then on January 19, 2005, the day of the hearing, the Plaintiff filed its Supplemental Brief/Memorandum in Opposition to the Motion.

The Motion to Dismiss, in addition to the grounds previously addressed in this Memorandum Opinion, also sought dismissal because of an alleged lack of standing of Plaintiff and because the cause of action is time barred under 11 U.S.C. §546.

In its opposition filed January 18, 2005, Plaintiff claims that §544(a) of the Bankruptcy Code gives the Chapter 7 trustee the rights of a hypothetical lien creditor and it is those rights that renders the Defendant's improperly perfected security interest in the Copyright Collateral invalid as against the unsecured creditors of the Debtor's bankruptcy estate.

The hearing was continued to allow the Defendant to respond to the Plaintiff's opposition.

On January 27, 2005 Defendant filed its Amended Motion to Dismiss ("Amended Motion") to clearly assert lack of standing as an

additional basis for dismissal of the Complaint.

On February 8, 2005 Plaintiff filed its Memorandum in Opposition to the Amended Motion.  In this Memorandum, Plaintiff changes his course by now claiming that the trustee's avoidance powers under 11 U.S.C. §544 are irrelevant to the adversary proceeding because all that Plaintiff is doing is objecting to the claim of the Defendant by initiating a proceeding to determine the validity, priority or extent of the Defendant's claimed lien. Additionally, Plaintiff argues that because there is no bar date or deadline to filing an objection to claim, there can be no limitations issue.  The Plaintiff also makes this rather interesting statement, "As discussed below in the Adversary Proceeding Fulkerson asserts that First Capital <u>had no security interest</u> in Apollo Software, which was sold for $1.4 million to Image Tech, <u>because First Capital failed to perfect</u> that security interest by registering it with the copyright office.  That objection is proper and the Adversary Proceeding was timely filed." (emphasis added). Such statement obviously shows a misunderstanding of the law and the facts.  All parties agree, as does the Court, that the Defendant has a security interest in the copyrighted software of the Debtor.  Defendant has a security agreement that grants them the same.  The issue originally plead by Plaintiff, and the one at bar, is whether the security interest was improperly perfected and, therefore, avoidable under 11 U.S.C. §544.  In this pleading Plaintiff seeks to sidestep its obvious error of attempting to stand in the trustee's shoes and assert Section 544 hypothetical lien creditor status by now simply claiming that

because Defendant did not file the mortgage documents with the Federal Copyright Office they don't have any lien at all. Such is simply not the case. The issue at bar is not whether they have a lien but whether it was properly perfected.

On February 16, 2005 Defendant replied to the February 8, 2005 Memorandum of the Plaintiff which points out what the Court just addressed; that is, that the Plaintiff, in such pleading, is seeking to retract his original assertion that the Defendant's lien is subject to the avoidance powers of the trustee under Chapter 5 of the Bankruptcy Code by alleging instead that its failure to properly perfect the lien means that it has no lien at all. Clearly, that is not what the law provides.

A hearing was set on the Amended Motion for March 23, 2005.

Again, true to form, Plaintiff filed its Supplemental Brief on the day before the hearing. In that pleading, Plaintiff again focuses his argument on the issue of whether the perfection of the Defendant's lien was proper.

The hearing was held and the matter taken under advisement.

On April 1, 2005, Defendant filed its Supplemental Response.

Interestingly enough, Plaintiff then on April 4, 2005 filed its First Amended Complaint. In it Plaintiff does two things. First, he joins the Chapter 7 trustee as an involuntary Plaintiff. Second, he reasserts the Section 544 hypothetical lien status of the trustee as the basis upon which the Defendant's alleged improperly perfected lien can be avoided. The Court assumes that the Plaintiff was properly educated by the Defendant's February 16, 2005 Reply to Plaintiff's Memorandum in Opposition to the Amended Motion to

6

Dismiss.   Either that or Plaintiff cannot figure out whether he needs to assert Section 544 as the basis upon which to avoid Defendant's alleged unperfected lien or not.

It is clear to the Defendant and to the Court, however, that the only basis upon which an improperly perfected lien can be avoided in bankruptcy is by the application of 11 U.S.C. §544.  And, unfortunately for the Plaintiff, it can only be accomplished by the trustee.  See *American National Bank v. MortgageAmerica Corp. (In re MortgageAmerica Corp.),* 714 F.2d 1266, 1275 (5th Cir. 1983) and *City of Farmers Branch v. Pointer (In re Pointer.),* 952 F.2d 82, 87 (5th Cir. 1992).  It should be noted that Plaintiff in the instant case has not sought the Court's permission to bring its Section 544 cause of action.

In addition to its Amended Complaint of April 4, 2005, Plaintiff filed two additional pleadings on April 5, 2005 on the issues.

Clearly, if the winner is the party that files the most pleadings, it is the Plaintiff.  Unfortunately for the Plaintiff, that is not the jurisprudence upon which this Court makes its rulings.

The fact is that Plaintiff is asserting the status of a Chapter 7 trustee as a hypothetical lien creditor under 11 U.S.C. §544. Clearly, he does not have the standing to do so as this Court has not expressly granted him the authority to do so, nor has he asked. *See, In re Mortgage America and In re Pointer* above.

Additionally, Plaintiff's attempt on April 4, 2005 to bring the trustee into the proceeding as an involuntary Plaintiff in order to

7

cure his lack of standing can best be characterized as "too little, too late." This is because 11 U.S.C. § 546(a)(1) requires that the cause of action being asserted by the Plaintiff in this adversary proceeding be brought no later than the later of two years from the date of the petition or one year after the date the trustee is appointed. In this case the applicable date is May 31, 2004 which is two years after the petition date. Plaintiff filed its Complaint on November 23, 2004 and joined the trustee as an involuntary Plaintiff on April 4, 2005. Both events took place well outside the date limitations ran.

Plaintiff claims that the statute has been tolled by reason of a settlement agreement which was allegedly entered into between the Plaintiff, the Defendant and the Debtor prior to this case's conversion to a Chapter 7 case. However, Plaintiff fails to cite any authority for the proposition that a Chapter 11 Debtor's agreement to toll the §546(a)(1) limitations survives the conversion of the case to Chapter 7, especially when the conversion occurs long prior to the expiration of the time limits imposed by such statute.[1] The settlement agreement in question was clearly prior to the conversion to Chapter 7 and it affected only the interest of the Debtor, the Plaintiff and the Defendant with regard to the causes of action that were being settled by those parties in that settlement agreement. Everything changed when the case was

---

1. The date of conversion was December 10, 2002, almost a full 18 months before limitations ran.

8

converted to Chapter 7 and the Chapter 7 Trustee replaced the Debtor as the representative of the estate.  There is simply no reason to conclude the tolling agreement continues post-conversion for the benefit of the Chapter 7 trustee especially when the conversion was 18 months prior to the expiration of the §546(a)(1) limitations time period.

### Conclusion

While it is subject to dispute as to whether the Defendant properly perfected its lien on the Copyright Collateral, it is clear that it has a lien.  However, the issue of "perfection" of Defendant's lien is moot because 1) Plaintiff has no standing to assert the status of the Chapter 7 trustee under 11 U.S.C. §544, and 2) the statute of limitations for seeking avoidance of such "improperly perfected lien" under Section 546(a)(1) ran long before Plaintiff filed its complaint and long before Plaintiff attempted to add the Chapter 7 trustee as an involuntary Plaintiff.

For all of the foregoing reasons, Defendant's original and First Amended Motions to Dismiss will be granted.  An Order of even date herewith will be entered.

### ###